UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN HELD, et. al<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSHORE SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C13-1548 MJP<br><br>ORDER DENYING MOTIONS |

THIS MATTER comes before the Court on Defendant Northshore School District's Motion for Attorney's Fees and Expenses, (Dkt. No. 74), and FRCP 11 Motion for Attorney's Fees and Expenses, (Dkt. No. 95). Having reviewed the motions, Plaintiffs' response briefs, (Dkt. Nos. 80, 98), and the related record, the Court hereby DENIES the motions.

## Background

On November 17, 2014, the Court entered an Order granting Defendant's motion for summary judgment as to Plaintiffs' federal claims, brought under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"), and dismissing Plaintiffs' remaining state law claims without prejudice. (Dkt. No. 67 at 22.)

ORDER DENYING MOTIONS- 1

Defendant moves for an award of attorney's fees and expenses under the ADA and Section 504 and requests that the Court levy sanctions against Plaintiffs and their counsel pursuant to FRCP 11 and 28 U.S.C. §1927. (Dkt. Nos. 74, 95.) Plaintiffs oppose Defendant's motions, (Dkt. Nos. 80, 98).

## Discussion

### A. Legal Standard

"[A]ttorney's fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation" or that plaintiff continued litigation after it became clearly so. Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (citing Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-22 (1978)). This standard applies in both ADA and Section 504 cases. See id.; see also Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 11 (1st Cir. 1999).

Federal Rule of Civil Procedure 11 allows courts to levy sanctions against a party whose attorney of record signs a "pleading, written motion, or other paper" that is presented for an improper purpose, contains legal contentions that are not warranted by existing law, or contains factual contentions that have no evidentiary support, among other things. Fed. R. Civ. P. 11(b). Sanctions may be levied against both the attorney and the party the attorney represents, with the exception that the represented party may not be sanctioned for presenting frivolous contentions of law. Fed. R. Civ. P. 11(c)(5).

When they unreasonably and vexatiously multiply proceedings, 28 U.S.C. §1927 allows courts to require attorneys to satisfy excess costs, expenses and attorney's fees incurred. Section 1927 sanctions require a bad faith finding. Soules v. Kauaians for Nukolii Campaign

1  Committee, 849 F.2d 1176, 1185 (9th Cir. 1988). "Bad faith is present when an attorney
2  knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the
3  purpose of harassing an opponent." Id., quoting Estate of Blas v. Winkler, 972 F.2d 858, 860
4  (9th Cir. 1986).

      **B.  Plaintiffs' ADA and Section 504 Claims**

6        The Court declines to award Defendant attorney's fees and expenses.  The fact that
7  Plaintiffs did not ultimately prevail on their federal claims does not mean their claims were
8  frivolous.  See Christiansburg, 434 U.S. at 421-22.  ("[I]t is important that a district court resist
9  the understandable temptation to engage in post hoc reasoning by concluding that, because a
10 plaintiff did not ultimately prevail, his action must have been unreasonable or without
11 foundation.").
12       Further, in its Order on Defendant's motion for summary judgment, the Court found
13 Plaintiffs had presented evidence that showed Defendant may have been negligent in supervising
14 J.H.'s Section 504 plan and that Defendant may not have responded to each of Mr. and Mrs.
15 Held's concerns regarding the way in which J.H. was treated by Defendant's staff.  (Dkt. No. 67
16 at 18-19.)  Although it found this evidence was insufficient to show genuine issues of material
17 fact existed as to whether Defendant acted with "deliberate indifference," as is required to
18 prevail on a claim under both the ADA and Section 504, the Court did not find Plaintiffs' ADA
19 and Section 504 claims were frivolous, unreasonable, or without foundation or that Plaintiffs
20 continued to litigate after they clearly became so.
21       The Court also cannot conclude that Plaintiffs' ADA and Section 504 claims were
22 frivolous, unreasonable, or without foundation or that Plaintiffs continued to litigate after they
23 clearly became so, because the Court did not consider some of the exhibits and declarations filed
24

by Plaintiffs in support of their motion for summary judgment because they were filed belatedly and/or were not properly authenticated.  (See Dkt. No. 67 at 4-13) (order on Defendant's First and Second Motions to Strike).

In light of the above, an award of attorney's fees and expenses is not appropriate.

Likewise, the Court declines to levy Section 1927 or Rule 11 sanctions against Plaintiffs or Plaintiffs' counsel.  Defendant describes at length actions taken by Mr. Held prior to the commencement of this lawsuit, arguing these actions show Mr. Held brought this lawsuit for an improper purpose—namely to harass Defendant.  (Dkt. No. 95 at 14-15.)  The Court disagrees.  While these actions may show Mr. and Mrs. Held were frustrated or angry with Defendant's response to their concerns about J.H., they are not evidence of improper purpose.  See R.P. ex rel. C. P. v. Prescott Unified School District, 631 F.3d 1117, 1127 (9th Cir. 2011) ("[A]nger is a legitimate reaction by parties who believe that their rights have been violated or ignored.")

Defendant also argues Plaintiffs' counsel failed to conduct due diligence to determine whether Plaintiffs' claims were supported by existing law and to determine whether Plaintiffs' factual contentions had or could have evidentiary support prior to commencing this suit.  (Dkt. No. 95 at 15-18.)  But the Court did not find Plaintiffs' legal contentions were not warranted by existing law or that Plaintiffs' factual contentions lacked evidentiary support.  Rather, as stated above, the Court found that while Plaintiffs' evidence showed Defendant may have been negligent, there was insufficient evidence to show genuine issues of material fact existed as to whether Defendant acted with "deliberate indifference."  Further, as discussed supra, the Court did not consider all of Plaintiffs' evidence when ruling on Defendant's motion for summary judgment.  Accordingly, Rule 11 sanctions are not appropriate in this case.  And, for these same

reasons, the Court finds Plaintiffs' counsel did not act in bad faith and Section 1927 sanctions are also inappropriate.

Plaintiffs argue, in their response to Defendant's Rule 11 motion, that Defendant should be sanctioned for bringing its Rule 11 motion for improper purpose. (Dkt. No. 98 at 28.) The Court declines to exercise its discretion to sanction Defendant.

## Conclusion

Because Plaintiffs' federal claims were not frivolous or brought in bad faith or for an improper purpose, the Court DENIES Defendant's motions, (Dkt. Nos. 74, 95).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 31st day of March, 2015.

Marsha J. Pechman
United States District Judge